UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA LONG, as Personal Representative
of the Estate of MAURICIO BLANCO,

     Plaintiff,

v.                                                                      CASE No. 8:22-cv-1356-SDM-SPF

CHAD CHRONISTER, in his official
capacity as Sheriff of Hillsborough County,
Florida; KEITH BARNES, in his individual
capacity; and NAPHCARE, INC.,

     Defendants.
_____/

## ORDER

    This matter comes before the Court upon Defendant Keith Barnes' Unopposed Motion to File Exhibits Under Seal (Doc. 80). The Motion is unopposed (Doc. 16). Upon consideration, the Court finds that the Motion should be GRANTED.

    This Court's Local Rule 1.11(b) sets forth the requirements for filing an item under seal, and states that the motion:

1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

2) must describe the item;

3) must establish:

    (A) that filing the item is necessary,

    (B) that sealing the item is necessary, and

(C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

4) must include a legal memorandum;

5) must propose a duration for the seal;

6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

8) must include the item, which is sealed pending an order resolving the motion.

L.R. 1.11(b)(1)-(8), M.D. Fla. (2024).

Defendant Barnes moves the Court for leave to file under seal nine exhibits and eight compact discs that will be used to support his motion for summary judgment. According to Barnes, these documents contain information, descriptions, and discussion of decedent Mauricio Blanco's medical and mental healthcare, including his mental health evaluations, diagnoses, treatment, and his statements related thereto (Doc. 80 at 5–6). In addition, the videos capture the inside of the Falkenburg Road Detention facility, which Barnes alleges are confidential and exempt from public disclosure pursuant to Florida Statute §§ 281.301 and 119.071.[1]

Although a district court has "supervisory power over its own records and files," that power must be used responsibly to balance the public's right of access with interests

---

[1] Florida Statute § 281.301 has been repealed. Because the Court agrees that the inside of the detention facility is exempt from public disclosure under Florida Statute § 119.071, however, this does not impact the Court's analysis.

favoring confidentiality. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1987). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "This right of access is not absolute," however, and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

The Court finds the parties have satisfied the requirements of Local Rule 1.11(b) and have shown good cause for sealing, *i.e.*, the materials contain personal, confidential, and highly sensitive health care information, as well as recordings of the inside of a jail which are exempt from public disclosure under Florida law. *See Romero*, 480 F.3d at 1246 (a party's interest in keeping information confidential may overcome the interest of the public in accessing that information).

Accordingly, it is hereby **ORDERED**:

(1) Defendant Keith Barnes' Unopposed Motion to File Exhibits Under Seal (Doc. 80) is **GRANTED**.

**ORDERED** in Tampa, Florida, on July 8, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE